UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| T.J., *by his next friend*, T.J., | ) |
| | ) |
| Plaintiff, | ) Civil No: 3:18-cv-00009-GFVT |
| | ) |
| V. | ) **MEMORANDUM OPINION** |
| | ) **&** |
| FRANKLIN INDEPENDENT SCHOOLS, | ) **ORDER** |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

T.J., a minor, played football at Frankfort High School during the years 2014-2017. After facing disciplinary issues, T.J. was dismissed from the school in December 2017. T.J. subsequently filed suit in Franklin Circuit Court against Franklin Independent Schools and Craig Foley—Frankfort High School's assistant principal, football coach, and athletic director—alleging wrongful expulsion, due process violations, breach of contract, negligence, and intentional infliction of emotional distress. Defendants timely removed the action to this Court and subsequently filed a Motion to Dismiss, which has been fully briefed and is now ripe for review. For the reasons explained below, Defendants' Motion to Dismiss [R. 3] will be GRANTED in part and DENIED in part.

**I**

According to the Complaint, T.J., who resided in Scott County, was recruited by Craig Foley to play football at Frankfort High School in 2014. [R. 1-2 at 4-5.] As a non-resident, T.J. had to sign a contract to attend Frankfort High School. [*Id.* at 7.] Ultimately, T.J. enrolled in

and played football at Frankfort High School. [*Id.* at 4-5.] T.J. had disciplinary and grade issues during the 2016-2017 school year, but he was allowed to remain a student at Frankfort High School. [*Id.* at 5.] At the end of the football season that year, T.J. was accused of paying other students at the school to harm another student. [*Id.*] As a result, on November 30, 2017, T.J. was suspended for a period of ten days. [*Id.*] T.J.'s suspension letter also stated the tuition committee would review T.J.'s tuition status before he could return to the school. [*Id.*] On December 2, 2017, Frankfort High School's principal, John Lyons, informed T.J.'s father that T.J. was no longer enrolled as a non-resident tuition student. [*Id.*]

T.J. filed a complaint in Franklin Circuit Court on January 26, 2018, naming as defendants Franklin Independent Schools and Craig Foley in his individual and official capacities. [*Id.* at 4.] Count One of the Complaint alleges wrongful expulsion and Count Two alleges constitutional due process violations regarding that expulsion. [*Id.* at 5-6.] Counts Three though Five assert state law claims of breach of contract, negligence, and intentional infliction of emotional distress, respectively. [*Id.* at 6-8.]

On January 26, 2018, the Franklin Circuit Court Clerk sent, via certified mail, a copy of the summons and complaint to both defendants. [*See id.* at 1-3; R. 6 at 2.] The summons and complaint for Craig Foley was mailed to Frankfort High School and signed for by K. Denise May, a secretary at Frankfort High School. [R. 1-2 at 1; R. 3-1 at 2.] The summons and complaint for Franklin Independent Schools was addressed to Houston Barber, the superintendent, and mailed to 959 Leestown Lane, Frankfort Kentucky. [R. 1-2 at 1.] Tom Campbell, Franklin Independent School's finance director, signed for the certified mail. [*See id.*; R. 3-1 at 3.]

On February 20, 2018, Defendants removed this action to the Eastern District of

2

Kentucky based on the Court's federal question jurisdiction. [R. 1 at 2.] On February 27, 2018, Defendants filed a Motion to Dismiss seeking dismissal, under Fed. R. Civ. P. 12(b)(5), of the entire complaint for insufficient service of process, and, alternatively, dismissal of certain claims on the grounds of governmental immunity and failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). [*See* R. 3.] In his response, T.J. concedes that Franklin Independent Schools is protected by governmental immunity on his breach of contract, negligence, and intentional infliction of emotional distress claims. [R. 6 at 4.] However, regarding Defendants' other arguments, T.J. seeks leave to correct any issues the Court may find with regard to service of process of sufficiency or claims in the complaint. [*Id.* at 8.]

**II**

A court may not assert personal jurisdiction over a defendant without process of service, consent, or waiver. *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012). A defendant who seeks dismissal based on insufficient service of process may assert the defense either in its responsive pleading or by motion before its responsive pleading. *See* Fed. R. Civ. P. 12(b)(5). In federal court, a plaintiff may serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. . . ." Fed. R. Civ. P. 4(e)(1). The plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington Fayette Urban Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001). Valid proof of service on the record creates a rebuttable presumption of valid service. *See Fifth Third Bank v. Mytelka*, No. 04-271-C, 2009 WL 2046849, at *3 (W.D. Ky. July 10, 2009) (citations omitted); *see also Blair v. City of Worcester*, 522 F.3d 105, 111 (1st Cir. 2008) ("A return of service generally serves as prima facie evidence that service was validly performed.").

3

The Federal Rules of Civil Procedure also allow a defendant to seek dismissal of a complaint which fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In making such a motion, "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to survive a motion to dismiss, the complaint "must contain either direct or inferential allegations" establishing each material element required for recovery under some actionable legal theory. *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (internal citation and quotation marks omitted).

When reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *DirecTV, Inc.*, 487 F.3d at 476 (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (citation omitted). Moreover, as is now well known, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, the facts that are pled must rise to the level of plausibility, not just possibility – "facts that are merely consistent with a defendant's liability . . . stop[ ] short of the line between possibility and plausibility." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557). According to the Sixth Circuit, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *DirecTV, Inc.*, 487 F.3d at 476 (citing

*Twombly*, 550 U.S. at 556). Thus, the plaintiff must at least "provide the grounds of his entitlement to relief, [which] requires more than labels and conclusions. . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotation marks omitted).

When ruling on a Rule 12(b)(6) motion, a district court generally may not consider matters presented outside the pleadings unless it converts the motion into one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 405 (6th Cir. 2012). The district court, however, also has the discretion to ignore such evidence and resolve the motion solely on the basis of the pleadings. *Heinrich*, 668 F.3d at 405; *Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 502-03 (6th Cir. 2006) (collecting cases). Certain matters beyond the allegations in the complaint such as "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citations and internal quotation marks omitted). Additionally, the Sixth Circuit has held that when a *defendant* attaches undisputed documents to a motion to dismiss, they "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* (citations and internal quotation marks omitted).

**A**

Under Kentucky law, personal service on an individual requires delivering a copy of the summons and complaint to the individual personally or by delivering a copy of the summons and complaint to an agent authorized by law or appointment to receive service for such individual. Ky. R. Civ. P. 4.04(2). This delivery may be completed in person or through certified mail. Ky. R. Civ. P. 4.01(1)(a). When delivering by certified mail, the mail must be delivered to the addressee only at the address furnished by the initiating party or listed in the complaint. *Id.*

Service is complete upon delivery of the certified mail, and the return receipt is proof of time, place, and manner of the service. *Id.*

When serving an individual in his official capacity through certified mail, it may be signed for by representatives who are authorized to accept "addressee only" mail according to United States postal regulations. *Id.* The signature of the authorized representative constitutes service on the officer. *Id.* While this type of service is sufficient to serve an officer in his official capacity, it is insufficient to confer personal jurisdiction over the person in his individual capacity. *See King*, 694 F.3d at 655 (citation omitted). In order to serve an individual in his individual capacity, the plaintiff must serve the individual or serve an agent authorized by law or appointment to accept service for such individual. Ky. R. Civ. P. 4.04(2).

In federal court, a plaintiff may serve a state-created organization by delivering a copy of the summons and complaint to its chief executive officer or by following that state's law for serving a summons and complaint on a state-created organization. Fed. R. Civ. P. 4(j)(2). Under Kentucky law, a plaintiff may serve a public board by delivering a copy of the summons and complaint to any member of the board. Ky. R. Civ. P. 4.04(7). A plaintiff may use certified mail to complete service. Ky. R. Civ. P. 4.01(1)(a). If a plaintiff elects to complete delivery using certified mail, the "addressee only" certified mail may be signed by representatives who are authorized to accept "addressee only" mail for the public board according to United States postal regulations. Ky. CR 4.01(1)(a).

When a case is removed from state court to a federal district court, defective service may be cured by completing service or issuing new process as if the action had been filed in such district court. *See* 28 U.S.C. § 1448. If the plaintiff does not complete service within 90 days, the Court must dismiss the case without prejudice or order that service be made within a

specified time. Fed. R. Civ. P. 4(m).

Here, T.J. served Foley by sending certified mail to his place of employment, Frankfort High School. [R. 1-2 at 1.] The certified mail was signed for by K. Denise May, a secretary at the school. [*Id.*; R. 3-1 at 2.] Because state law permits service on an official capacity defendant through certified mail signed for by an authorized representative under United States postal regulations, and because the postal worker allowed K. Denise May to sign for Foley's certified mail, the inference that May was authorized under United States postal regulations to sign for "addressee only" mail can be presumed. Therefore, her signature on the certified mail constitutes valid service on Foley in his official capacity.

However, although Foley was properly served in his official capacity, he was not properly served in his individual capacity. Service of an officer in his official capacity does not confer personal jurisdiction over the defendant in his individual capacity. *See King* 694 F.3d at 655. A defendant must be properly served in his individual capacity according to federal or state rules for service of summons and complaint. *See id.* T.J. only served Foley by sending certified mail to his employer. Nothing in the pleadings suggest Foley appointed K. Denise May as an agent to accept service on his behalf; therefore T.J.'s service of Foley in his individual capacity is deficient.

T.J. served Franklin Independent Schools by sending certified mail to the superintendent, Houston Barber. [R. 1-2 at 1.] Tom Campbell, Franklin Independent School's finance director, signed for the certified mail. [*Id.*] Kentucky law allows a public board to be served by delivering a copy of the summons and complaint to one of the board's members. Ky. R. Civ. P. 4.04(7). The Federal Rules of Civil Procedure allow state-created governmental organizations to be served through its chief executive office. Fed. R. Civ. P. 4(j)(2)(A). Neither of these

7

provisions were met here. Certified mail sent to Houston Barber cannot satisfy Ky. R. Civ. P. 4.04(7), and because Campbell, not Barber, signed for the certified mail, service was not perfected under Fed. R. Civ. P. 4(j)(2)(A).

Defective service may be cured when a case in state court is removed to this Court. *See* 28 U.S.C. § 1448. Additionally, Fed. R. Civ. P. 4(m) provides that a Court may "order that service be made within a specified time." Thus, the Court will grant Plaintiff additional time in which service must be perfected in order for this case to proceed.

B

Defendants contend that governmental immunity protects Franklin Independent Schools and Foley in his official capacity from T.J.'s breach of contract, negligence, and intentional infliction of emotional distress claims.[1] [R. 3-1 at 4-7.] A sovereign state is immune from suit unless the state has given consent or otherwise waived immunity. *Yanero v. Davis*, 65 S.W.3d 510, 517 (Ky. 2001). Under Kentucky law, "[g]overnmental immunity is a public policy, derived from sovereign immunity," that protects state agencies from suit when "performing governmental, as opposed to proprietary, functions." *Yanero*, 65 S.W.3d at 519 (citations omitted). A local board of education is a state agency and, therefore, a local board of education is entitled to governmental immunity when performing discretionary functions. *Yanero*, 65 S.W.3d at 527. Further, when an employee of a state agency is sued in his official capacity, he is entitled to the same governmental immunity, if any, to which the agency would be entitled. *Yanero*, 65 S.W.3d at 522; *see also Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("Individuals sued in their official capacities stand in the shoes of the entity they represent.").

---

[1] The breach of contract, negligence, and intentional infliction of emotional distress claims equate to Counts Three, Four, and Five, respectively, of the Complaint. Although unclear, the Complaint does not appear to allege, and the Court does not infer, a breach of contract claim against Defendant Craig Foley in his individual capacity. [*See* R. 1-2 at 6-7.]

8

Here, T.J. concedes governmental immunity protects Franklin Independent Schools on the breach of contract, negligence, and intentional infliction of emotional distress claims. [R. 6 at 4.] As a result, Counts Three through Five will be dismissed against Franklin Independent Schools. By extension, Foley, to the extent he is named in his official capacity on Counts Three through Five, also is protected by governmental immunity.[2]

### C

Lastly, Defendants move to dismiss Count Four of the complaint for failure to state a claim upon which relief may be granted. [R. 3-1 at 7.] Because Count Four will be dismissed as to Franklin Independent Schools and Foley in his official capacity on governmental immunity grounds, this argument now only applies to Foley in his individual capacity. A motion to dismiss pursuant to Federal Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc.*, 487 F.3d at 476 (citation omitted).

For a plaintiff to establish a cause of action for common law negligence in Kentucky, he must prove the following elements: (1) duty of care; (2) breach of that duty; (3) actual injury; and (4) that the injury was proximately caused by the negligence. The absence of any one of the elements is fatal to the claim. *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992); *Watters v. TSR, Inc.*, 904 F.2d 378 (6th Cir. 1990). If a plaintiff fails to state the elements of his claim in the complaint, he may amend the complaint once as a matter of course within 21 days of filing the complaint or being served with a motion under Rule 12. *See* Fed. R. Civ. P.

---

[2] In his Response to the Motion to Dismiss, T.J. argues as to why qualified immunity should not protect Foley at this point in the litigation. [R. 6 at 4-7.] However, Defendant Foley rightfully did not raise a qualified immunity argument in the Motion to Dismiss. [*See* R. 3.] In fact, Foley must affirmatively plead the defense of qualified immunity in a responsive pleading, which has not yet occurred. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

15(a)(1). In any other case, a plaintiff must obtain the written consent of the opposing parties or the court's leave, which the court should grant freely when justice requires. Fed. R. Civ. P. 15(a)(2).

T.J.'s Count Four negligence claim revolved around Foley's alleged recruitment of T.J. for athletic purposes.[3] However, the Complaint fails to set forth the elements of negligence and also fails to claim that Defendant Foley owed any duty whatsoever to T.J. This error is fatal to T.J.'s negligence claim. T.J. contends that if his negligence claim does not meet pleading standards, he should be allowed to amend the claim instead of having it dismissed. [R. 6 at 8.]

Defendants filed the Rule 12 motion to dismiss on February 27, 2018. At that point, Plaintiff was on notice that Defendant believed Complaint to be deficient. Plaintiff could have amended Complaint as a matter of course within 21 days, or no later than March 20, 2018. However, he did not do so. Additionally, even after that deadline, the Plaintiff could have sought leave to amend the Complaint, but he did not do so until March 30, 2018, when he filed the Response to Defendants' Motion to Dismiss. In his Response, Plaintiff argued that his Complaint was not deficient, and he only sought leave to amend the complaint "[i]f the Court agrees that the Plaintiff's Complaint does not meet FCRP 8 standards. . . ." [R. 6 at 8.] As support for his argument that the Complaint properly plead negligence, Plaintiff's counsel attached to his Response a Northern District of Illinois case from 2005, indicating notice service meets the pleading standard of the federal rules. [*See* R. 6-1.] However, since that non-binding case was decided, the United States Supreme Court has provided clear guidance that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[3] While Kentucky has a regulatory scheme to address recruitment of students for athletic purposes, that scheme does not create a negligence per se cause of action for the student in Kentucky. *See* Ky. Rev. Stat. 446.070; *St. Luke Hospital, Inc. v Straub*, 354 S.W.3d 529, 534-35 (Ky. 2011).

plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570. In other words, the facts that are pled must rise to the level of plausibility, not just possibility – "facts that are merely consistent with a defendant's liability . . . stop[ ] short of the line between possibility and plausibility." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557). Additionally, the Sixth Circuit has held that a complaint "must contain either direct or inferential allegations" establishing each material element required for recovery under some actionable legal theory. *Bishop*, 520 F.3d at 519. Still, instead of amending his complaint to correct the error, Plaintiff's counsel chose to vehemently argue notice pleading was sufficient, seeking leave to amend only if the Court determined Complaint to be deficient. Under such circumstances, justice does not require the Court to grant leave to amend a pleading.

### III

In summation, and for the reasons articulated above, Plaintiff will have an opportunity to perfect service on Defendants. The only surviving claims are Counts One and Two against Franklin Independent Schools and Count Five against Craig Foley in his individual capacity.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. As to the issue of service of process, Defendant's Motion to Dismiss [**R. 3**] is **DENIED;**

2. Plaintiff is **GRANTED** an extension of time up to and including **October 27, 2018**, to effectuate service on all proper defendants;

3. As to Counts Three through Five, Defendant's Motion to Dismiss [**R. 3**] is **GRANTED,** and those counts are **DISMISSED WITH PREJUDICE** as to Defendant Franklin Independent Schools and, to the extent plead, Defendant

Craig Foley in his official capacity;

4. As to Count Four, Defendant's Motion to Dismiss [**R. 3**] is **GRANTED,** and that count is **DISMISSED WITH PREJUDICE** as to Defendant Craig Foley in his individual capacity.

This the 27th day of August, 2018.

Gregory F. Van Tatenhove
United States District Judge